## Lloyd EVANS *v.* STATE of Arkansas

CR 92-200                                        836 S.W.2d 383

Supreme Court of Arkansas
Opinion delivered September 14, 1992

*The Cortinez Law Firm, P.A.*, by: *Robert R. Cortinez*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Lloyd Evans, the appellant, was convicted of rape. He was sentenced as an habitual offender to life imprisonment. His contention on appeal is that identification of him by the victim should have been suppressed because it resulted from an unduly suggestive photographic lineup. We affirm the conviction.

On September 6, 1990, between 8:30 and 9:00 p.m., the victim was walking from her home in Pine Bluff to her husband's home to collect their child. A man approached her, spoke with her, and then placed a gun at her back and forced her to the track area behind a school, where he raped her. The victim gave a description to the police after she was taken to the hospital that evening. Four days later she identified Lloyd Evans, from a photographic lineup, as her assailant.

Evans moved to suppress the identification testimony. He argued the lineup was unnecessarily suggestive. A suppression hearing was held just prior to trial. The victim and the officer who conducted the lineup both denied there had been any attempt by the police to suggest Evans as the culprit in the lineup procedure. The Court ruled the identification process was proper and permitted the victim to testify that she was immediately able to identify the photograph of Evans as that of her assailant without prompting or suggestions.

Evans' motion stated that the lineup was unnecessarily suggestive because: (1) the facial hair was not similar on all participants in the lineup, (2) the body builds of the participants in the lineup was not similar, (3) the color of the participants in the lineup was not similar, (4) the accused was suggested to the victim as the assailant.

After hearing the testimony from the victim and Officer Roby the Court referred individually to the points made in the motion, discussed them while or after viewing the photographs shown to the victim, and decided none of them had merit.

In addition to the challenges raised and argued in his motion Evans adds a fifth element which he argues tainted the identification procedure. He contends his was the only photograph of a man in a white T-shirt. The other five individuals pictures were dressed in orange jumpsuits. From this fact Evans argues that the victim was led to identify him as her assailant because she had to conclude that he was the only one with opportunity because he was not incarcerated and thus the only one who could have committed the offense.

While Evans' motion did not mention this point, his counsel seemed to allude to it while cross examining the victim and did

mention it in closing argument to the jury. We have doubts whether the argument was effectively raised in the Trial Court. Assuming it was raised, however, it is to no avail.

The victim testified the shirt Evans wore in the photograph was unlike the one he wore at the time she was raped. She said she identified Evans because his face was that of her attacker. She did so immediately when presented with the photographs and she did it again without hesitation at the trial.

██ The argument that Evans was suggested by the lineup because the victim would have to conclude none of the others could have raped her because they were wearing obvious jail garb is unconvincing. Four days elapsed between the event and the lineup, and the others in the lineup could have been jailed during that time.

The Court ruled without consideration of the difference in attire. The ruling comports with the standard appropriate for determination of the issue. In *Graham* v. *State*, 296 Ark. 400, 757 S.W.2d 538 (1988), we quoted the criteria for making the determination as enunciated by the Supreme Court:

> [T]he prior opportunity to observe the alleged criminal act, the existence of any discrepancy between the pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and lapse of time between the alleged act and the lineup identification. [*United States* v. *Wade*, 388 U.S. 218, 241 (1967)].

██ This victim walked with her assailant for some time prior to the rape, and she stated there was sufficient light to see him well enough to recognize him. As stated by the Trial Court, there is sufficient similarity among the individuals portrayed that they all fit the victim's initial description. There was no prior attempt at identification by the victim and there was not a very long passage of time between the attack and the identification. We cannot conclude the Trial Court erred in finding the lineup was not overly suggestive and the evidence was properly presented to the jury.

392

The record has been examined in accordance with Ark. Sup. Ct. R. 11(f), and it has been determined that there were no other rulings adverse to the appellant which constituted prejudicial error.

Affirmed.